UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                         )
DECATUR COUNTY GENERAL           )
HOSPITAL and NORTH MEMORIAL  )
HEALTH CARE                                      )
                                                         )
       Plaintiffs,                             )
                                                         )
       v.                                          )   Case No. 1:07cv01544
                                                         )   Judge:   John D. Bates
MICHAEL O. LEAVITT, Secretary of the )
United States Department of Health and  )
Human Services,                                   )
                                                         )
       Defendant.                            )
_____)

## ANSWER

Defendant Michael O. Leavitt, by his undersigned attorneys, hereby answers plaintiffs' complaint as follows:

### FIRST DEFENSE

Plaintiffs' claims arise solely under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq. ("the Medicare statute"), and the Court's subject matter jurisdiction is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1).

### SECOND DEFENSE

Using the same numbered paragraphs as the Complaint, the Secretary answers plaintiffs' allegations as follows:

    1.    Paragraph 1 of the complaint contains plaintiffs' characterizations of this lawsuit, to which no response is required.

    2.    Paragraph 2 of the complaint contains plaintiffs' characterizations of the decisions

of the Administrator for the Centers of Medicare and Medicaid Services ("CMS"), which speak for themselves.  The Secretary respectfully refers the Court to the full text of the two decisions of the Administrator that are included in the administrative record for plaintiffs' Complaint (see Administrative Record ("AR") 2-9, 1365-1371), which are the best evidence of the decisions' contents, for a full and accurate statement of their contents.  Deny to the extent inconsistent with the decisions.

      3.      Deny, except to admit that this action arises solely under the Medicare statute.

      4.      Deny, except to admit that plaintiffs' claims arise solely under the Medicare statute, and the Court's subject matter jurisdiction is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1).

      5.      Paragraph 5 of the complaint contains plaintiffs' legal conclusions regarding venue for this action, to which no response is required.

      6.      Deny, except to admit that Decatur is located at 969 Tennessee Avenue, South Parons, Tennessee, is an acute care hospital, and is assigned Medicare provider number 44-070.

      7.      Deny, except to admit that North Memorial is located at 3300 Oakdale Avenue North, Robbinsdale, Minnesota, is an acute care hospital, and is assigned Medicare provider number 24-0001.

      8.      Deny, except to admit that Defendant Michael O. Leavitt is the Secretary of Health and Human Services, and that Defendant is the federal official principally responsible for administration of the Medicare and Medicaid programs.

      9.      Admit.

      10.     Paragraph 10 contains conclusions of law, not allegations of fact, to which no

response is required; to the extent a response is required, deny.  The Secretary respectfully refers the Court to 42 U.S.C. §§ 1395f(b), 1395x(v)(1)(A), and 42 C.F.R. Part 413 for a full and accurate description of Medicare's cost-based reimbursement system, and to 42 U.S.C. § 1395ww(d) and 42 C.F.R. Part 412 for a full and accurate description of Medicare's prospective payment system for certain inpatient hospital services.

11.    Deny the first sentence of Paragraph 11, except to admit that the Secretary has delegated considerable authority for program administration to the Administrator of CMS. Defendant avers that on June 29, 2001, the Secretary changed the name of the Health Care Financing Administration ("HCFA") to the Centers for Medicare & Medicaid Services, 66 Fed. Reg. 35,437 (July 5, 2001).  The second sentence contains conclusions of law, not allegations of fact, to which no response is required; to the extent a response is required, deny.  The Secretary respectfully refers the Court to 42 U.S.C. § 1395h and to 42 C.F.R. §§ 421.1-421.128 for a full and accurate description of the role of the Medicare fiscal intermediaries in the provider reimbursement process.

12.    Paragraph 12 contains conclusions of law, not allegations of fact, to which no response is required; to the extent a response is required, deny.  The Secretary respectfully refers the Court to 42 C.F.R. § 413.24(f) for a full and accurate description of the function of the Medicare cost report, and to 42 C.F.R. § 405.1803 for a full and accurate description of the notice of program reimbursement ("NPR") issued by a fiscal intermediary to a provider participating in the Medicare program.

13-14.  These paragraphs contain conclusions of law, not allegations of fact, to which no response is required; to the extent a response is required, deny.  The Secretary respectfully refers

the Court to the cited provisions of the Medicare statute for a full and accurate description of the exclusive process for administrative and judicial review of provider reimbursement disputes.

15-16.   Paragraphs 15 and 16 contain conclusions of law, to which no response is required. To the extent a response is required, deny. Sentence 2 of Paragraph 15 contains plaintiffs' characterization of 42 U.S.C. § 1395(v)(1)(U), which speaks for itself. Deny to the extent inconsistent with the statute. The Secretary respectfully refers the Court to 42 U.S.C. §§ 1395f(b), 1395x(v)(1)(A), and 42 C.F.R. Part 413 for a full and accurate description of Medicare's cost-based reimbursement system.

17.   Paragraph 17 contains conclusions of law, to which no response is required. To the extent a response is required, deny. Paragraph 17 also contains plaintiffs' characterization of 42 U.S.C. §§ 1395x(v)(1)(S)(ii)(I) and (II), which speak for themselves. Deny to the extent inconsistent with the statutes.

18.   Paragraph 18 contains conclusions of law, to which no response is required. To the extent a response is required, deny. Paragraph 18 also contains plaintiffs' characterization of 42 U.S.C. § 1395x(g), which speaks for itself. Deny to the extent inconsistent with the statute.

19.   Paragraph 19 contains conclusions of law, to which no response is required. To the extent a response is required, deny. Paragraph 19 also contains plaintiffs' characterization of 42 U.S.C. § 1395x(s)(7), which speaks for itself. Deny to the extent inconsistent with the statute.

20.   Paragraph 20 contains conclusions of law, to which no response is required. To the extent a response is required, deny.

21.   Paragraph 21 contains conclusions of law, to which no response is required. To the extent a response is required, deny.

22.     Defendant adopts and incorporates its answers to the information contained in paragraphs 1-21.

23.     Paragraph 23 contains conclusions of law, to which no response is required. To the extent a response is required, deny.

24.     Paragraph 24 contains conclusions of law, to which no response is required. To the extent a response is required, deny.

25.     Defendant adopts and incorporates its answers to the information contained in paragraphs 1-24.

26.     Paragraph 26 contains conclusions of law, to which no response is required. To the extent a response is required, deny.

The remaining portions of the Complaint contain plaintiffs' prayer for relief, not allegations of fact, and thus no response is required; to the extent a response is required, deny that plaintiffs are entitled to the requested relief or to any relief at all. Except to the extent expressly admitted or qualified above the Secretary denies each and every allegation in the Complaint.

The Secretary respectfully requests the Court to enter judgment affirming the validity of the challenged agency actions, dismissing the Complaint and action with prejudice, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary is filing separately the certified six-volume administrative record for this action.

Dated: January 10, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

JAMES C. STANSEL
Acting General Counsel

SHEILA M. LIEBER
Deputy Director

CAROL J. BENNETT
Acting Associate General Counsel

 /s/ Vesper Mei
VESPER MEI
MARK D. POLSTON
Deputy Associate General Counsel
for Litigation

Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Telephone: (202) 514-4686
Facsimile: (202) 616-8470 (fax)
E-mail: vesper.mei@usdoj.gov

SUSAN MAXSON LYONS
Attorney

United States Department of
Health and Human Services

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DECATUR COUNTY GENERAL HOSPITAL and NORTH MEMORIAL HEALTH CARE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MICHAEL O. LEAVITT, Secretary of the United States Department of Health and Human Services,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 1:07cv01544<br>Judge:　John D. Bates |

**NOTICE REGARDING BULKY DOCUMENT**

Pursuant to the procedures for filing documents electronically, this Notice serves as notification that the 6-volume, 2293-page administrative record has been filed in paper form, and is being maintained in the case file in the Clerk's Office.  It is available for public viewing and copying between the hours of 9 a.m. and 4 p.m., Monday through Friday.

Dated: January 10, 2008

　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　JEFFREY S. BUCHOLTZ
　　　　　　　　　　　　　　　　　　　　　　Acting Assistant Attorney General

OF COUNSEL:　　　　　　　　　　　　　　JEFFREY A. TAYLOR
　　　　　　　　　　　　　　　　　　　　　　United States Attorney
JAMES C. STANSEL
Acting General Counsel　　　　　　　　　　SHEILA M. LIEBER
　　　　　　　　　　　　　　　　　　　　　　Deputy Director
CAROL J. BENNETT
Acting Associate General Counsel

| | |
|---|---|
| MARK D. POLSTON<br>Deputy Associate General Counsel<br>for Litigation<br><br>SUSAN MAXSON LYONS<br>Attorney<br><br>United States Department of<br>Health and Human Services | /s/  Vesper Mei<br>VESPER MEI<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>Post Office Box 883<br>Washington, D.C. 20044<br>Telephone:  (202) 514-4686<br>Facsimile:  (202) 616-8470 (fax)<br>E-mail: vesper.mei@usdoj.gov<br><br>Attorneys for Defendant |

**CERTIFICATE OF SERVICE**

     I hereby certify that on January 10, 2008, a copy of the Administrative Record was served by hand delivery on:

Jacqueline E. Bennett
Reed Smith LLP
1301 K Street N.W.
Suite 1100 - Ease Tower
Washington, D.C. 20005

                                                  /s/ Vesper Mei
                                                  VESPER MEI