UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DECATUR COUNTY GENERAL HOSPITAL** and **NORTH MEMORIAL HEALTH CARE**<br><br>Plaintiffs,<br><br>v.<br><br>**MICHAEL O. LEAVITT, SECRETARY, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**<br><br>Defendant. | Case No.: 1:07 CV 01544 (JDB) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Decatur County General Hospital ("Decatur") and North Memorial Health Care ("North Memorial") (collectively the "Plaintiffs"), by counsel, submit the following in opposition to the Secretary's Motion for Summary Judgment and in reply to the Secretary's Opposition to their Motion for Summary Judgment.

**Summary of Opposition to Secretary's Motion**

The Secretary's statement of the facts of this case attempts to suggest that much consideration was given to the facts and that significant factual findings were needed in order for the intermediaries, the PRRB, and finally the Administrator of CMS to render decisions. However, the Secretary's Memorandum of Points and Authorities in Support of Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment (hereinafter "Sec. Mem.") demonstrates that the material facts are not in issue in this matter. What is at issue is whether a reading of the applicable statutes, and an application of well settled rules of statutory construction, support the government's application of the 5.8% and 10% reductions to ambulance costs, resulting in a decrease in the amount of reimbursements that the Plaintiffs received. As set out in the Plaintiffs' opening memorandum in support of their own Motion for Summary Judgment (hereinafter the "Opening Memorandum," which is incorporated in full by reference) and further discussed below, they do not.

**Argument**

A.  **Summary of Argument and Response to Secretary's Statement of the Standard of Review.**

The Secretary claims that this Court's review is limited under the Administrative Procedure Act ("APA") to a narrow "arbitrary and capricious" standard. *See* Sec. Mem. at 9-10. He cites to several cases in support of this proposition; for example, in *AM Forest Resource*

*Council v. Hall*, 533 F. Supp.2d 84 (D.D.C. 2008),[1] this Court notes that under the APA the agency's role is "to resolve factual issues to arrive at a decision that is supported by the administrative record." *Id*. at 89.  The Secretary also relies on *Dialysis Clinic, Inc. v. Leavitt*, 518 F. Supp. 2d 197 (D.D.C. 2007) to support his contention that the agency's decision is entitled to deference.  *See* Sec. Mem. at 9, 16.

However, the great level of deference that the Secretary seeks is not available here.  First, as is abundantly clear from the parties' briefs, the material facts in this case are not in dispute.  There was no need for anyone to "resolve factual issues."  Second, unlike *Dialysis Clinic*, what is at issue here is not an agency's interpretation of its own regulations, but rather the proper application of several clear statutory provisions enacted by Congress.

While judicial deference may be afforded to an agency's interpretation of ambiguous provisions, that deference does not come into play where a statute is unambiguous.  *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984); *see also Pauley v. Bethenergy Mines, Inc.*, 501 U.S. 680, 696 (1991).  The first step in the *Chevron* analysis is determining whether Congress "has directly spoken to the precise question at issue." 467 U.S. at 842.  If Congress has spoken clearly, the analysis is at an end and the statute must be enforced according to its terms.  Courts "must give effect to the unambiguously expressed intent of Congress."  *Id.* at 842-843.  "[W]hen the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last:  judicial inquiry is complete." *CBS Inc. v. Primetime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001) (internal citations omitted). "The court considers the language of an enactment in its natural and ordinary signification, and if there is no ambiguity or obscurity in the language, there is usually no need to look elsewhere to

---

[1] *See* Sec. Mem. at 9.

ascertain intent." 2A Norman J. Singer, *Sutherland Statutes and Statutory Construction* § 46:1 (6th ed. 2005).

Here, the Administrator ignored the plain language of the law. As set out in the Plaintiffs' Opening Memorandum and discussed further below, the Secretary's Motion for Summary Judgment should be denied.

**B.    The 5.8% and 10% Reductions Do Not Apply To Ambulance Services and Are Not a Means of Determining "Reasonable Costs" of Ambulance Services.**

This case requires the review and application of several statutory provisions. First, ambulance services are referenced in 42 U.S.C. § 1395x(s)(7) under the definition of "Medical and other health services." The services listed under the "Medical and other health services" includes both inpatient and outpatient services. Examples include physicians' services (§ 1395x(s)(1)) and surgical dressings (§ 1395x(s)(5)), as well as a number of services that are explicitly described as "outpatient" services (*e.g.*, outpatient physical therapy services and outpatient occupational therapy services, § 1395x(s)(2)(D)). Ambulance services are not defined as outpatient services.

Second, the "reasonable cost" of services is defined in 42 U.S.C. § 1395x(v)(1)(A) to be "the cost actually incurred, excluding therefrom any part of incurred cost found to be unnecessary in the efficient delivery of needed health services. . ."

Two other provisions provide for a 10 percent reduction and a 5.8 percent reduction with respect to "outpatient hospital services." The 5.8% reduction provides that the Secretary "reduce the ***reasonable*** costs of ***outpatient hospital services*** . . . otherwise determined pursuant to section 1395l(a)(2)(B)(i)(I) of this title by 5.8% for payments attributable to portions of cost reporting periods occurring during fiscal years 1991 through 1999 and until the first date that the

- 3 -

[outpatient] prospective payment system under section 1395l(t) of this title is implemented." 42 U.S.C. §1395x(v)(1)(S)(ii)(II) (emphasis added).

The 10% reduction provides that "in determining the amount of the payments that may be made under this subchapter with respect to all the capital-related costs of *outpatient hospital services*, the Secretary shall reduce the amounts of such payment . . . by 10 percent for payments attributable to portions of cost reporting periods occurring during fiscal years 1992 through 1999 and until the first date that the [outpatient] prospective payment system under section 1395l(t) of this title is implemented." 42 U.S.C. §1395x(v)(1)(S)(ii)(I) (emphasis added).

The Secretary ignores the plain language of the statutes in his effort to find a basis for the erroneous application of the 5.8% and 10% reductions. The Secretary claims that ". . . the statutory language that defines reasonable costs and provides for payment of ambulance services thus contemplates that further reductions will be taken from the costs actually incurred, and the 5.8% and 10% reductions are fully consistent with this language." Sec. Mem. at 15-16. The Secretary continues, asserting that:

> . . . because the 5.8% and 10% reductions are consistent with the statutory language used to determine the reasonable costs for ambulance services and the Secretary applied them to calculate reimbursements for such services, such reduced amounts would then become the costs "recognized as reasonable" under the cost-per-trip provision of the Medicare statute. . . and would be used to calculate the base cost years.

*Id*. at 16.

While the Secretary contends that the 5.8% and 10% reductions are the proper adjustments to make to actual costs in order to determine reasonable costs, and that this creates a "coexistence" of statutory provisions, this is not the case. The plain language of the statutes indicates that the reductions, where properly made, are applied to what is already determined to

- 4 -

be the reasonable cost. The interpretation urged by the Secretary simply contradicts the statutory provision.

As set out in the Plaintiffs' Opening Memorandum, the intermediaries failed to follow the method for determining cost-per-trip limits because the cost-per-trip provision does not contemplate the application of the 5.8% and 10% reduction to ambulance service costs, and it is clear that the "reasonable costs" of ambulance services are to be determined through a series of reductions that do *not* include the percentages. The Balanced Budget Act of 1997 provided a specific formula to determine the cost-per-trip limits. *See* 42 U.S.C. § 1395x(v)(1)(U). This is a separate, stand-alone statutory provision that does not incorporate, fall under, or make reference to the provisions for 5.8% and 10% reductions.[2]

For this reason, and as set out further in the Plaintiffs' Opening Memorandum, the fiscal intermediaries violated the Medicare statute by applying the 5.8% and 10% reductions to ambulance services, and the Administrator's decision should be reversed. The Secretary's Motion for Summary Judgment should be denied.

C.   **Ambulance Services Are Not Outpatient Services.**

The Plaintiffs have already set forth an argument as to why ambulance services are not outpatient services. *See* Opening Memorandum at 13-15. There is no dispute that ambulance services were expressly excluded from the outpatient PPS provisions established by Congress in

---

[2]   In fact, a reading of the statutory subsections as a whole provides further indication that ambulance services are not subject to the reductions. While the two referenced provisions address reductions for "outpatient hospital services," the sections that follow address calculation of reasonable costs for hospitals (42 U.S.C. § 1395x(v)(1)(T), ambulance services (42 U.S.C. § 1395x(v)(1)(S), and skilled nursing facilities (42 U.S.C. § 1395x(v)(1)(V). The reasonable conclusion is that the 5.8% and 10% reductions do not apply to any of those categories and that these categories do not fall under "outpatient hospital services" for purposes of 42 U.S.C. §1395x(v)(1)(S)(ii)(II) or 42 U.S.C. §1395x(v)(1)(S)(ii)(I).

1997. 42 U.S.C. § 1395l(t)(1)(B)(iv), (t) (10). *See also* Opening Memorandum at 5; Sec. Mem. at 5. The Secretary contends that Plaintiffs have overlooked the plain language of § 1395l(t)(10) "which provides a special rule for payment of ambulance services." *See* Sec. Mem. at 11. However, that special rule in 1395l(t)(10) states that reimbursement for ambulance services is to be made pursuant to 42 U.S.C. § 1395x(v)(1)(U), the exact same provision discussed above—a provision that makes absolutely no reference to a 5.8% or 10% reduction as a means of determining reasonable cost or anything else. This only provides further support for the only reasonable conclusion—that ambulance services are not among the "outpatient hospital services" to which Congress intended the 5.8% and 10% reductions to apply.

## **CONCLUSION**

When applying a proper *Chevron* analysis to the statutory provisions in issue, the only reasonable conclusion is that the 5.8% and 10% reductions were not intended to apply to ambulance services.[3] Moreover, a reading of the relevant statutes in relation to each other mandates the conclusion that ambulance services are not outpatient services. For these reasons and for the reasons set forth in the Plaintiffs' Motion for Summary Judgment, the Secretary's Motion for Summary Judgment should be denied and the Plaintiffs' Motion for Summary Judgment should be granted. Plaintiffs ask that the Court enter an Order:

(i) granting declaratory judgment that the reimbursement to the Plaintiffs violated the Medicare statute, Medicare regulations and the APA;

---

3   Plaintiffs further note that, even if any of the relevant statutory provisions are found to be ambiguous, the Administrator's decision is not entitled to deference if it is not reasonable, and for this reason the Secretary's arguments would still fail.

    (ii) remanding the matter to the Secretary and his Intermediaries, with the direction that they recalculate reimbursement for ambulance services without application of the 5.8% and 10% reductions, together with a payment of mandatory interest pursuant to 42 U.S.C. § 1395oo(f)(2)

    (iii) granting such further relief that the Court deems appropriate.

    Respectfully submitted,

    __/s/ Jacqueline E. Bennett_____
Jacqueline E. Bennett
DC Bar #474355
**REED SMITH LLP**
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, DC  20005
(202) 414-9200
(202) 414-9299 Facsimile
JBennett@ReedSmith.com
Attorney for Plaintiffs

Dated: July 17, 2008

- 7 -

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DECATUR COUNTY GENERAL HOSPITAL<br>and<br>NORTH MEMORIAL HEALTH CARE,<br><br>      Plaintiffs,<br><br>      v.<br><br>MICHAEL O. LEAVITT, SECRETARY,<br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Case No.: 07-CV-01544 (JDB)**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Plaintiffs Decatur County General Hospital ("Decatur") and North Memorial Health Care ("North Memorial"), by counsel, respond as follows to the Secretary's Statement of Material Facts Not in Dispute that was filed in support of its Motion for Summary Judgment:

    1.    Admitted.

    2.    Admitted; the referenced decisions were attached as Exhibits to the Plaintiffs' Motion for Summary Judgment.

    3.    Admitted.

4. The Plaintiffs admit that the quote contained in this paragraph is a partial and incomplete quote of the issue as stated by the PRRB in its decision regarding Decatur's appeals. *See* AR 20-21.

5. Admitted.

6. Admitted that the sections of the administrative record (AR 20-27 for Decatur and AR 1382-88 for North Memorial) contain the respective PRRB decisions, and those decisions speak for themselves. Denied that AR 1379-1381 is part of the PRRB decision for North Memorial.

7. Admitted that the cited sections of the administrative record (AR 16, 1378) are letters to the CMS Administrator regarding the PRRB decisions for Decatur County and North Memorial respectively. These letters speak for themselves.

8. Admitted that, while paragraph 8 does not state a fact material to this dispute, the cited documents (AR 10, 372) are comments sent by CMS to attorney adviser Jacqueline Vaughn regarding the PRRB decisions for Decatur and North Memorial. These documents speak for themselves.

9. Admitted that the cited documents (AR 2-9, 1365-71) are the decisions of the Administrator of CMS with regard to the PRRB determinations for Decatur and North Memorial. These decisions speak for themselves.

- 3 -

        Respectfully submitted,


         /s/ Jacqueline E. Bennett_____
        Jacqueline E. Bennett
        DC Bar #474355
        **REED SMITH LLP**
        1301 K Street, N.W.
        Suite 1100 – East Tower
        Washington, DC  20005
        (202) 414-9200
        (202) 414-9299 Facsimile
        JBennett@ReedSmith.com

        Attorneys for Plaintiffs


Dated:  July 17, 2008

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DECATUR COUNTY GENERAL HOSPITAL** and **NORTH MEMORIAL HEALTH CARE**        Plaintiffs,    v.  **MICHAEL O. LEAVITT, SECRETARY, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 1:07 CV 01544 (JOB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Upon consideration of the Defendant's Motion for Summary Judgment, and the Plaintiff's Opposition thereto, and the record herein, it is hereby ORDERED that:

(1) the Defendant's Motion is DENIED and

(2) the Plaintiffs' Motion is GRANTED.


Dated: _____                    _____
                                           John D. Bates, U.S.D.J.