UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
DECATUR COUNTY GENERAL      )
HOSPITAL and NORTH MEMORIAL  )
HEALTH CARE,                        )
                                                    )
        Plaintiffs,                          )
                                                    )
        v.                                   )          Case No. 1:07cv01544
                                                    )          Judge:  John D. Bates
MICHAEL O. LEAVITT, Secretary of the  )
United States Department of Health and  )
Human Services,                    )
                                                    )
        Defendant.                        )
_____ )

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF
<u>MOTION FOR SUMMARY JUDGMENT</u>**

<u>**INTRODUCTION**</u>

       Faced with clear statutory language that they initially ignored, and which undermines their arguments, plaintiffs, in their reply, have abandoned many of the arguments that they made in their opening brief. Their reply is now focused on two narrow arguments: that ambulance services are not outpatient services subject to the 5.8% and 10% reductions that apply to "all . . . outpatient hospital services," and that those reductions are not a means to determine "reasonable costs" of ambulance services. Plaintiffs no longer contend that "reasonable costs" must be equivalent to "actual costs," Plaintiffs' Memorandum of Points and Authorities in Support of Their Motion for Summary Judgment ("Pls' Mem.") 9, that Congress has never considered ambulance services to be "outpatient services," Pls' Mem. 14, and do not again mention their initial argument that the 5.8% and 10% reductions should not be applied to the base year costs, Pls' Mem. 11. As a result, the Court may treat those arguments as conceded. <u>Buggs v. Powell</u>,

293 F.Supp.2d 135, 141 (D.D.C. 2003) ("It is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."); Stephenson v. Cox, 223 F.Supp.2d 119, 121 (D.D.C. 2002).

In fact, as defendant argued in his opening brief, the statutory language makes clear that ambulance services *are* outpatient services, and, as such, were subject to the 5.8% and 10% reductions that applied to outpatient services during the relevant time periods. Further, applying those reductions to ambulance services is consistent with the statutory language and purpose. And, if this Court were to find the statutes ambiguous, the Secretary's reading is reasonable, and deserves deference. In the end, plaintiffs cannot reconcile the language of the statute providing for 5.8% and 10% reductions to *all* outpatient services with their argument that ambulance services, though outpatient services, are not subject to the 5.8% and 10% reductions. As a result, their motion for summary judgment should be denied, and defendant's motion for summary judgment should be granted.

## ARGUMENT

**I.   AMBULANCE SERVICES, AS OUTPATIENT SERVICES, ARE PLAINLY SUBJECT TO THE 5.8% AND 10% REDUCTIONS.**

The parties do not dispute that to the extent that this Court determines that Congress has spoken directly to the "precise question at issue," "the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984); Def's Mem. 10; Pls' Reply 2. As set forth more fully in defendant's opening brief, Congress has plainly stated that ambulance services are outpatient services, 42 U.S.C. § 1395l(t)(10), and as such, ambulance services are

subject to the 5.8% and 10% reductions, which apply to "all the capital-related costs of outpatient hospital services" and to "outpatient hospital services (other than the capital-related costs of such services)."  42 U.S.C. § 1395x(v)(1)(S)(ii)(I) and (II); see Def's Mem. 10-13.  The statute provides no exception from the reductions for outpatient ambulance services, and, in fact, because the statute spells out the exceptions from these reductions, see, e.g., 42 U.S.C. § 1395x(v)(1)(S)(ii)(III) (providing that reductions do not apply "to payments with respect to the capital-related costs of any hospital that is a sole community hospital . . . or a critical access hospital"), application of the 5.8% and 10% reductions should be seen as the default, rather than requiring that each outpatient service subject to such reductions specify that those reductions apply.

Plaintiffs contend that they "have already set forth an argument as to why ambulance services are not outpatient services."  Pls' Reply 5.  However, plaintiffs have utterly failed to respond to the substance of defendant's argument – that Congress, in plain language, provided that ambulance services that were reimbursable under 42 U.S.C. § 1395x(v)(1)(U) *are*, in fact, outpatient services.  See 42 U.S.C. § 1395l(t)(10) ("The Secretary shall pay for *hospital outpatient services that are ambulance services* on the basis described in section 1395x(v)(1)(U) of this title, or, if applicable, the fee schedule established under section 1395m(l) of this title.") (emphasis added).  Further, while it is true that defendant does not dispute that "ambulance services were expressly excluded from the outpatient PPS provisions established by Congress in 1997," Pls' Reply 5-6, as defendant pointed out in its opening brief, the logical understanding of this exclusion is that the outpatient PPS provisions apply to all outpatient services except those that are specifically excluded – as ambulance outpatient services are.  See Def's Mem. 11-12.

Moreover, the provisions that exempted outpatient ambulance services from PPS undermine, rather than support, plaintiff's position here. They demonstrate that when Congress chose to exclude hospital ambulance services from a particular payment methodology, it clearly knew how to do so. And, although Congress could have provided the same exclusions regarding the 5.8% and 10% reductions, it did not.

In addition, plaintiffs again ignore the plain language of § 1395l(t)(10) in which Congress made clear that ambulance services reimbursable under § 1395x(v)(1)(U) are outpatient services, and merely reiterate that because the provision providing for payment of ambulance services does not mention the 5.8% or 10% reduction as a means of determining reasonable cost, ambulance services are not among the "outpatient hospital services" to which Congress intended the 5.8% and 10% reductions to apply. Pls' Reply 6. But plaintiffs make no attempt to reconcile their position with the plain language of the statutes providing for the 5.8% and 10% reductions, which apply across the board to outpatient hospital services, and their argument fails.

## II.    THE ADMINISTRATOR'S DECISION IS ENTITLED TO <u>CHEVRON</u> DEFERENCE.

To the extent that this Court finds that the language of the statutes is not clear, and instead that it is silent or ambiguous on the relevant issues, "the question for the court is whether the agency's answer is based on a permissible construction of the statute." <u>Chevron</u>, 467 U.S. at 843. As defendant argued in his opening brief, the agency's interpretation "need not be the best or most natural one by grammatical or other standards. . . . Rather [it] need be only reasonable to warrant deference." <u>Pauley v. BethEnergy Mines, Inc.</u>, 501 U.S. 680, 702 (1991). Here, the agency's interpretation is a reasonable one, and should be entitled to <u>Chevron</u> deference.

Because jurisdiction over this action is based exclusively on 42 U.S.C. § 1395oo(f)(1),

the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, provides the standard for judicial review. Under the APA, the Court's review is limited to the administrative record, and "the Administrator's decision can be set aside only if it is 'unsupported by substantial evidence,' or 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" St. Elizabeth's Medical Center of Boston, Inc. v. Thompson, 396 F.3d 1228, 1233 (D.C. Cir. 2005) (quoting 5 U.S.C. §§ 706(2)(E)); Pacific Shores Subdivision California Water Dist. v. U.S. Army Corps of Engineers, 538 F.Supp.2d 242, 248 (D.D.C. 2008). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

Plaintiffs do not take issue with these cases or this standard in particular, but contend that because the agency's interpretation of its regulations is not at issue here, the agency's decision is not entitled to deference. Pls' Reply 2. Plaintiffs, however, overlook two points. First, as defendant argued in his opening brief, and to which plaintiffs did not respond, courts have accorded Chevron deference to non-regulatory interpretations of the Secretary as well. See Pharmaceutical Research and Mfrs. America v. Thompson, 362 F.3d 817, 821 (D.C. Cir. 2004) (according Chevron deference to Secretary's interpretation of the Medicaid Act); Mylan Laboratories, Inc. v. Thompson 389 F.3d 1272, 1279 (D.C. Cir. 2004).

Second, because the Administrator's decision is the result of an adjudication, it is also entitled to Chevron deference. See Def's Mem. 18 (citing Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 202 (1947) (agency can act either through rulemaking or adjudication)). This is consistent with more recent Supreme Court authority on the issue as well.

In <u>United States v. Mead Corp.</u>, 533 U.S. 218, 229 (2001), for example, the Supreme Court noted: "We have recognized a very good indicator of delegation meriting <u>Chevron</u> treatment in express congressional authorizations to engage in the process of rulemaking or adjudication that produces regulations or rulings for which deference is claimed." <u>Accord</u> <u>Immigration and Naturalization Serv. v. Aguirre-Aguirre</u>, 526 U.S. 415, 425 (1999) (according <u>Chevron</u> deference to the Board of Immigration Appeals "as it gives ambiguous statutory terms 'concrete meaning through a process of case-by-case adjudication.'"). And, because the Administrator's decision is entitled to <u>Chevron</u> deference, <u>Dialysis Clinic v. Leavitt</u>, 518 F. Supp. 2d 197, 202 (D.D.C. 2007) is fully applicable here. <u>See</u> <u>id.</u> ("The Court of Appeals for this Circuit has made clear that 'in framing the scope of review, the court takes special note of the tremendous complexity of the Medicare statute. That complexity adds to the deference which is due to the Secretary's decision.'") (quoting <u>Methodist Hosp. of Sacramento v. Shalala</u>, 38 F.3d 1225, 1229 (D.C. Cir. 1994)). Plaintiffs' arguments to the contrary are without merit. <u>See</u> Pls' Reply 2. Thus, to the extent that the Administrator's decision was based on a permissible construction of the statute, it is entitled to <u>Chevron</u> deference.

**III.    THE STATUTORY LANGUAGE SUPPORTS THE APPLICATION OF THE 5.8% AND 10% REDUCTIONS TO THE REASONABLE COSTS OF AMBULANCE SERVICES.**

In their reply, plaintiffs have abandoned their original argument that "reasonable costs" are defined as "the cost *actually incurred*," and that this means that the cost-per-trip limit must be calculated based on the previous year's actual costs. Pls' Mem. 10; Pls' Reply 3. Plaintiffs' abandonment of this argument was mandated by the statutory definition of "reasonable cost," which on its face contemplates reductions in the actual costs of services: "the cost actually

incurred, excluding therefrom any part of incurred cost found to be unnecessary in the efficient delivery of needed health services. . ." 42 U.S.C. § 1395x(v)(1)(A). Beyond now cursorily acknowledging this language, however, plaintiffs do not articulate why the statutory reductions of 5.8% and 10% cannot constitute "part of incurred cost found to be unnecessary in the efficient delivery of needed health services." As defendant argued in his opening brief, applying those reductions with respect to ambulance services is consistent with both statutory language and purpose.

Plaintiffs have also, as they must, abandoned their argument that "Congress, however, has never referred to ambulance services as 'outpatient services' nor described ambulance services in such a way as to suggest that they were outpatient services." Pls' Mem. 14. Cf. 42 U.S.C. § 1395l(t)(10) ("The Secretary shall pay for hospital outpatient services that are ambulance services on the basis described in section 1395x(v)(1)(U) of this title, or, if applicable, the fee schedule established under section 1395m(l) of this title."). Faced with the plain language of this statute, plaintiffs now contend only that ambulance services are not defined as outpatient services under the category of "Medical and other health services," Pls' Reply 3, and, weakly, that "ambulance services are not among the 'outpatient hospital services' to which Congress intended the 5.8% and 10% reductions to apply." Id. at 6. To the extent that covered ambulance services are defined as "outpatient services" under the statute, and are not expressly excluded from the 5.8% and 10% reductions, neither of plaintiffs' arguments has merit.

In fact, once plaintiffs acknowledge both that reasonable costs may include deductions from actual costs, and that ambulance services are included within outpatient services, they have

no persuasive answer as to why the 5.8% and 10% reductions – which apply to *all* outpatient services – do not apply to ambulance services. See 42 U.S.C. § 1395x(v)(1)(S)(ii)(I) and (II). Rather, they simply ignore the language of that statute once again, contending that because the statutory provision that discusses the cost-per-trip limits for ambulance reimbursement "does not incorporate, fall under, or make reference to the provisions for 5.8% and 10% reductions," those reductions cannot apply to ambulance services. Pls' Reply 5.

But, again, the statutes providing for the 5.8% and 10% reductions do not contemplate exceptions, and should be understood as the default rule – that is, if the reductions are *not* to apply to a particular outpatient service, there would be a specific exemption, such as there is with respect to "the capital-related costs of any hospital that is a sole community hospital," to which "[s]ubclauses (I) and (II) [the 5.8% and 10% reductions] shall not apply." 42 U.S.C. § 1395x(v)(1)(S)(ii)(III). Barring such exclusionary language, the 5.8% and 10% reduction language should be understood to apply to all outpatient services, including ambulance services. This is, in fact, how the Secretary has applied the reductions. See 65 Fed. Reg. 18434, 18436 (Apr. 7, 2000) ("During the 1980s, the Congress took steps to control the escalating costs of providing outpatient care. The Congress amended the statute to implement across-the-board reductions of 5.8 percent and 10 percent to the amounts otherwise payable by Medicare for hospital operating costs and capital costs, respectively."); Def's Mem. 17.

In their reply, plaintiffs also again fail to address the language of the statute providing for determination of the "reasonable cost" for ambulance services, which itself contemplates reductions from the cost actually incurred. See 42 U.S.C. § 1395x(v)(1)(U) ("the Secretary shall not recognize the costs per trip in excess of costs recognized as reasonable for ambulance

services."). Plaintiffs, however, do not articulate what *would* be a legitimate reduction; rather, they say only that the 5.8% and 10% reductions are not legitimate. But there is nothing that precludes applying the 5.8% and 10% reductions to the reasonable costs in order to determine what the "costs recognized as reasonable" would be. Nor do plaintiffs explain, except to contend that the 5.8% and 10% reductions can only be applied to "reasonable costs" themselves, why ambulance services would not be subject to the 5.8% and 10% reductions for "outpatient services." Further, during the relevant time period, Congress was in the process of moving away from cost-based reimbursement, which had led to escalating Medicare payments and provided no incentive for economy and efficient utilization.[1] The 5.8% and 10% reductions are fully consistent with the intent of Congress in this regard, and plaintiffs' argument is without merit.

## IV.   THE SECRETARY'S INTERPRETATION IS REASONABLE.

Plaintiffs utterly fail to address defendant's argument that even if the statutory language is ambiguous, the Secretary's reading is reasonable, and is entitled to deference, contending only in a footnote – which is mere *ipse dixit* – that because the Administrator's decision is not reasonable, the Secretary's arguments fail. Pls' Reply 6 n.3. As defendant argued more fully in his opening brief, however, to the extent that the Court may find the statutory language to be

---

[1] The national prospective fee schedule for payment of ambulance services (initially scheduled to be effective January 1, 2000, see 67 Fed. Reg. at 9119, 9121) was a fundamental change in payment methodology that resulted from Congress' effort to control the increases in Medicare expenditures, including for ambulance services, and to rationalize reimbursement policies. See Pub. L. No. 105-33, § 4531(b), 111 Stat. 251, 450-52 (1997) (codified at 42 U.S.C. § 1395m(l)). Prior to this change, annual Medicare payments for ambulance services had increased substantially, and faster than overall Medicare spending. GAO, Ambulance Services: Changes Needed to Improve Medicare Payment Policies and Coverage Decisions, GAO-02-244T at 3-4 (Nov. 15, 2001) (statement of Laura A. Dummit Before the Sen. Comm. On Governmental Affairs) at 3-4; see also 64 Fed. Reg. 3637, 3646 (Jan. 25, 1999); 62 Fed. Reg. 32715, 32716 (June 17, 1997).

ambiguous, the Secretary's reading is reasonable, and is entitled to deference. Def's Mem. 16-19. That argument, which has gone wholly unaddressed by plaintiffs, will not be repeated here. Summary judgment should be granted to the Secretary.

## CONCLUSION

For the foregoing reasons, as well as those set forth in defendant's opening brief, the Secretary respectfully submits that his motion for summary judgment should be granted and plaintiffs' motion should be denied.

Dated: August 14, 2008

                                      Respectfully submitted,

                                      GREGORY G. KATSAS
                                      Acting Assistant Attorney General

                                      JEFFREY A. TAYLOR
                                      United States Attorney

                                      SHEILA M. LIEBER
                                      Deputy Director


                                      /s/ Vesper Mei
                                      VESPER MEI
                                      (D.C. Bar No. 455778)
                                      Senior Counsel
                                      United States Department of Justice
                                      Civil Division, Federal Programs Branch
                                      Post Office Box 883
                                      Washington, D.C. 20044
                                      Telephone: (202) 514-4686
                                      Facsimile: (202) 616-8470 (fax)
                                      E-mail: vesper.mei@usdoj.gov

                                      Counsel for Defendant